UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| EDWARD BRONSTON, | ) | CASE NO. 1:06 CV 1264 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| WARDEN WOLFE, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On May 22, 2006, petitioner pro se Edward Bronston filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2254. Bronston is incarcerated in an Ohio penal institution, having been convicted, pursuant to a guilty plea, of rape (2 counts) and kidnapping in July 2004. For the reasons stated below, the petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state court remedies. 28 U.S.C. § 2254(b); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam); Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir. 1994). The Court of Appeals for the Sixth Circuit has determined that "[t]he

exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted).

The petition indicates that plaintiff sought to bring a delayed direct appeal to the Ohio Court of Appeals, which was denied on November 29, 2005.  Although the petition is silent concerning the reason the motion for delayed appeal was denied, this court must assume the denial was because petitioner failed to make the requisite showing of adequate reasons for the delay or otherwise failed to comply with Ohio Appellate Rule 5.  See, Simpson v. Sparkman, 94 F.3d 199, 203 (6th Cir. 1996).  Thus, petitioner was procedurally barred from raising his claims in the state court.

If a procedural bar in the state court exists, this court will not consider the claims unless petitioner establishes adequate cause to excuse his failure to properly raise the claims and actual prejudice to case.  Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir. 1991)(citing Murray v Carrier, 477 U.S. 478, 488 (1986); see, Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1990).  No such showing is reasonably suggested by the petition.

Accordingly, this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is

2

no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

                         */s/Dan Aaron Polster 7/26/06*
                         DAN AARON POLSTER
                         UNITED STATES DISTRICT JUDGE